**MINNICH, d. b. a. THE CHICKEN RANCH, Plaintiff, v. STATE, Defendant.**

Common Pleas Court, Warren County.

No. 21037.   Decided July 26, 1956.

Jack A. Casper, Middletown, for appellant.

John W. Hardwick, Eugene T. Eberhardt, Asst. Attys. Genl., for appellee.

## OPINION

By RAY, J.

This cause came on to be heard upon the appeal of H. Carl Minnich, d. b. a. The Chicken Ranch, from the decision of the Board of Review of the Bureau of Unemployment Compensation in which said Board refused Appellants request to review the decision of the Referee.

The facts of the case as they appear in the transcript of the record certified to this Court are as follows:

Claimant, Franklin D. Bowman, was hired by the Appellant on December 21, 1953 and this employment terminated on December 24, 1954. On January 11, 1955 Claimant filed his application for determination of benefits and gave as his reason for leaving his employment, "Laid Off. Lack of Work." Claimant signed a sworn affidavit on the application. January 19, 1955, Employer (Appellant) informed the Bureau that Claimant had not been laid off for any reason but had failed to report for work, had obtained his pay for work done and informed the employer he would not be returning to work as he was moving to Cincinnati, Ohio.

On January 19, 1955 Claimant signed a statement stating in effect that he quit his job because it was not paying enough for the work involved and that he was receiving $1 per hour as a poultry dresser. On January 24, 1955, notices were mailed to the parties herein stating that Claimant was not entitled to benefits as he had quit without just cause —in that he quit a full time job because of what Claimant believed to be low pay without first obtaining another position.

On January 24, 1955 Claimant signed a request for reconsideration, now stating over his signature that he was required to work 80-90 hours per week at $1.00 per·hour and that he couldn't stand it any more. The record indicates that at this hearing the Claimant also exhibited his hands which were cracked and scaled according to the Examiner.

On February 1, 1955 a Determination was made allowing Claimant his benefits. On April 29, 1955 the appeal of the employer was heard before a Referee who affirmed the February 1, 1955 claim allowing benefits to the employee.

There seems to be two questions involved in this appeal, namely: (1) Under §4141.29 (C) (1) R. C. whether the hours Claimant had to work constitute "just cause" for leaving his employment and (2) Under §4141.29 (C) (5) R. C. whether Claimant has barred himself from benefits for this period of unemployment by making false statements to obtain benefits to which he was not entitled.

In regard to the number of hours worked it does not appear in the record that there is any dispute. There was one week where Claimant worked 84¼ hours. There is testimony by the employer that the average number of hours per week, over the period of the year Claimant was employed, was 54½ hours per week. Claimant, by his own statements admits that he agreed to work the overtime hours made necessary by the holiday season. Under questioning by the Referee, Claimant said that he never complained to his employer regarding the number of hours he worked.

In the transcript we find these Questions and Answers:

Referee: Q: "This number of hours, had the hours affected you?"
Claimant: A: "Well, I got tired."
Q: "Did you have a physical . . . . go to a doctor?"
A: "No."
Q: "Take any medication?"
A: "No."

There is testimony in the record to the effect that the hours worked were not unusual, i. e. long hours at certain seasons, for the type of work Claimant was employed to do. This testimony was not contradictory.

In **Shannon v. The Bureau of Unemployment Compensation, 155 Oh St 53**, the Supreme Court said in the first paragraph of the syllabus:

"The burden of proof is upon the Claimant to establish the right to unemployment benefits under the unemployment compensation laws of Ohio."

It is the opinion of this Court that Claimant did not sustain that burden of proof and that occasional long working hours per se do not constitute "just cause" for quitting a job.

Now we come to the question of whether the Claimant has barred himself from benefits by making a false statement in order to obtain benefits. The record is clear. In his original application, dated January 1, 1955, Claimant, under oath, stated that he was laid off due to lack of work. This statement was false and Claimant knew it was false. In view of his subsequent signed statement and testimony, under oath that he quit because of low pay, and his last reason that he quit because of long hours, the administrator should have found that Claimant had knowingly made a false statement . . . . with the object of obtaining benefits to which he was not entitled.

It is therefore the order of this Court that the decision of the Referee be and is hereby reversed and the claim for benefits is disallowd for the reason that it is against the weight of the evidence, is unreasonable and unlawful.